Battle J.
 

 As Mrs. Clarissa Good, the wife of the devisee John Rumsey Good, died in the life time of the testator, the devise was in effect to her husband for life and then to the testator’s heirs at law and their heirs, excluding all those on the part of his sister Brooks. It will be noticed that the limitation is not to the heirs of the devisee, so that he could not take a fee under the operation of the rule in
 
 Shelly’s case.
 
 What construction then, can be put upon the words limiting the estate to the testator’s own heirs and their heirs, after the death of the tenant for life ? The only meaning which as it seems to us can be attributed to them, is that they create a contingent remainder in favor of the testator’s heirs at law dependent upon the estate for life in John Rumsey Good, as a particular estate. Who were to be such heirs
 
 *504
 
 would not of course be ascertained until the determination of the particular estate for life. The lessors of the plaintiff were, as events have turned out, the heirs, at law at that time, and were entitled to recover the land unless in the mean time something was done by which their claim was barred.
 

 Two things are suggested which it is contended may have had that effect, The first is the partition of the land of the testator between his son and daughter claiming it as tenants in common in fee, a devise of an undivided half having been made to the daughter in terms the same as those in the devise to the son. The second is the conveyance by the son of his part of the land in fee. Neither of these things can have the effect contended for. The heirs at law of the daughter cannot be estopped by the partition made between their mother and uncle because they do not claim their uncle’s share of the land as her heirs, but as the heirs of the testator, their grandfather; so that as to the partition they were neither parties nor privies.
 

 The second matter is the conveyance in fee by the tenant for life. If that conveyance had the effect to destroy the particular estate for life, it would be a necessary consequence that the contingent remainder to the testator’s heirs would be defeated. The conveyance is stated to have been by deed, by which we must understand that it was by an ordinary deed of bargain and sale; and the operation pf such a deed, it is well known, will not pass to the bargainee any greater interest than the bargainor may rightfully convey. It cannot, therefore, although it purports to pass the fee, destroy the life estate, but will only transfer it to the bargainee, and thus preserve the contingent remainder dependent upon it.
 

 It being thus seen that nothing had occurred to bar the
 
 *505
 
 claim of the lessors of the plaintiff, it follows that the judgment rendered against them in the court below was erroneous and must be reversed, and a judgment be entered for them in this court upon the case agreed.
 

 Per Curiam. Judgment reversed and judgment here for the plaintiff.